## Goerman's Appeal.

Hearsay evidence may be sufficient to establish illegitimacy.

(Decided October 19, 1885.)

Appeal from a decree of the Orphans' Court of Westmoreland County. Affirmed.

The appellants were Leonard and Michael Goerman, and Ann C. Silvis, claiming as half brothers and the half sister of Adam Steiger, deceased. The respondent was Sarah Steiger, his widow. The report of the administrator of Steiger showed a small fund in his hands, to the whole of which the widow was entitled, if, as she alleged, he was illegitimate, but if he were proved or presumed legitimate, the half brothers and half sister were entitled to share.

The undisputed facts were that in 1821 his mother, whose maiden name was Barbara Grantz or Grentz, and who was a native of Germany, was married, in this country, to Leonard Goerman; that they two were the parents of the appellants; and that previously, in 1809, Barbara had given birth, in Germany, to Steiger. The evidence offered, to show this to have been an illegitimate birth, consisted in testimony of witnesses that they had heard declarations, some of them by Steiger in his lifetime, and by Mrs. Goerman, others by their friends and acquaintances, to such effect; also of copies of records of the following tenor:

---

NOTE.—Where one is admitted to be the child of another, a presumption of legitimacy arises. Pickens's Estate, 163 Pa. 14, 25 L. R. A. 477, 29 Atl. 875; Kleinert v. Ehlers, 38 Pa. 439. This is true where the child is begotten before, but is born after, marriage. Dennison v. Page, 29 Pa. 420, 62 Am. Dec. 644; Tioga County v. South Creek Twp. 75 Pa. 433. But this presumption is not raised where the bastard was born before marriage. Janes's Estate, 147 Pa. 527, 23 Atl. 892.

Hearsay evidence is admissible to prove legitimacy or illegitimacy. Pickens's Estate, 163 Pa. 14, 25 L. R. A. 477, 29 Atl. 875; Kenyon v. Ashbridge, 35 Pa. 157; Adose v. Fossit, 1 Pearson (Pa.) 304. So, declarations as to parentage in a special act of assembly passed to legitimatize the child are prima facie evidence. McGunnigle v. McKee, 77 Pa. 81, 18 Am. Dec. 428. And ex parte affidavits by witnesses in another county or state have been admitted to prove pedigree, when no better evidence could be produced. Kingston v. Lesley, 10 Serg. & R. 383; Douglass v. Sanderson, 1 Yeates, 15; Winder v. Little, 1 Yeates, 152. But depositions of witnesses within the state cannot be so received. Keller v. Nutz, 5 Serg. & R. 246.

Copy of the Birth and Baptism record of the Evangelical Parsonage and Church at Grombach, in the Year 1809:

On the 16th day of April, 1809, A. D., in the afternoon at three o'clock, Maria Barbara Grentz, the unmarried daughter of Conrad Grentz, who is a day laborer at Stierbach, was born to her an illegitimate son. On the 17th day of the same month he was baptized and named "John Adam."

The father of that child was said to be John Adam Steiger, who was known in his congregation as the legitimate single son of John Adam Steiger, who was a farmer at Hembach.

The god-father was John Adam Grentz, legitimate single son of Conrad Grentz, day laborer at Stierbach; who, in connection with the minister, have signed as witnesses to the christening in the absence of his father.

Following are the signatures:

John Adam Grentz, Philip Heinreich Gotlieb Kitzler, Minister.

The aforesaid is a true copy of the original record of the births and christenings of the Evangelical Parsonage of the Church at Grombach,—true and exact to the original. *Sub sigillo parochiali,* and properly signed.

Grombach Church, May 4, 1884.

[Seal.]　　　Evangelical Church Parsonage, Grombach,

Ernest Heinaman, Pastor.

Copy of the Marriage Record in the Evangelical Parsonage of the Church at Grombach, from the Year 1821.

August 21, 1821, were married in the above church, quietly and lawfully blessed, Leonard, aged twenty-nine years, the legitimate and unmarried son of the herder, Jacob German, at Mittelkinzig, and his lawful wife, Agatho nee Klein; and Maria Barbara, age thirty-one years, legitimate daughter of Conrad Grentz, linen weaver, of Stierbach, and his lawful wife, Katharine, nee Lantenschlager. Following witnesses were present and signed with the pastor:

1st. Conrad Grentz, above named father of the bride.

2d. Leonard Schueler, resident and farmer at Hembach.

Signed Konrad Grentz, Leonard Schueler, P. H. G. Kritzler, pastor.

The above is a true copy of the original marriage record of the Evangelical church parsonage, Grombach.

*Sub sigillo parochiali* and herewith lawfully witnessed.

[Seal.]     Church Grombach, May 4th, 1884.

Ernest Heinaman, Pastor.

The auditor and the court below sustained the allegation of illegitimacy, and awarded the whole estate to Mrs. Steiger. The court rendered the following opinion upon exceptions to the auditor's report:

Opinion below. The question is one of fact. Was the decedent born in lawful wedlock, or not? Were his parents married, or were they not? If they were, then the fund is improperly applied. If they were not, and Adam Steiger was an illegitimate child, his widow takes the estate.

The fact of marriage, like any other question of fact, must be proved when, by virtue of it, an estate is claimed. This cannot always be done by direct proof, but may be shown by other evidence; as, for example, reputation accompanied by cohabitation, or the admissions or declarations of the parties themselves, which is in the nature of positive evidence. As to the admissions of the parties, they would gain strength, when made against the interests of the party, *vice versa.* The proof that Mrs. Goerman told her neighbors she had been married to Steiger's father would be in the interest of her good name and fame, and calculated to conceal her early indiscretion. Her admissions that she bore a child to a man whom she had never married would be in derogation of her virtue, and thus against her. And the same might be said of her husband. It would be natural for a man to conceal the misfortune of the woman he married, but an unpleasant thing to confess the same. So, then, assuming that the witnesses who were called were equally credible and the proof of declarations and admissions equal, the testimony which is against the interest and natural feelings of the parties should have the greater weight. Greenawalt v. McEnelley, 85 Pa. 356. Add to this the church record of the baptism of Adam Steiger, in 1809, and of the marriage of Leonard Goerman and Maria Barbara, daughter of Conrad Grentz, in 1821, which recite all the particulars,—the one distinctly stating that

Adam was an illegitimate child, and the other omitting to state any former marriage of the woman, but otherwise giving minute details, give further strength to the proof of the fact found by the auditor. I know this evidence, as presented, is in the nature of hearsay, but these are very old records, and the presumption is strong that the details were conscientiously given upon the information then had by the church officer. It is well argued by the counsel for the exceptions that it is difficult to prove the marriage in a case like this; but, in answer, it may be said with equal force that it is hard to prove that Adam Steiger was an illegitimate child, and, therefore, we must take the best evidence possible under all the circumstances.

Still further: The auditor found as a fact that the decedent was an illegitimate child. This finding is like the verdict of a jury, and will only be set aside when not supported by the evidence, or upon grounds which would be sufficient for the granting of a new trial. See a long list of authorities collected in Brightly, 185, 186. Suppose, then, this evidence to have been submitted to a jury, and that they had found as has the auditor, could the court have held that the jury made a mistake so great that the conscience of the court would have impelled them to set the verdict aside? Clearly, we think not.

The exceptions are dismissed, and the report is confirmed.

*W. H. Klingensmith,* for appellants. Contended that the strong presumption of law is in favor of legitimacy and of the innocent relations of the parents; that the rule admitting hearsay on questions of pedigree relates to legitimate parentage; and that mere declarations, hearsay, and reputation, such as were introduced in this case, are not strong enough to overcome the presumption of innocence.

He cited: Guardians of Poor v. Nathans, 2 Brewst. (Pa.) 149; 1 Bishop, Mar. & Div. §§ 447, 540, 547; Hargrave v. Hargrave, 9 Beav. 552; Phillips v. Allen, 2 Allen, 453; Hill v. Hill, 32 Pa. 511; Physick's Estate, 2 Brewst. (Pa.) 179; Hemmenway v. Towner, 1 Allen, 209; Strickland v. Poole, 1 Dall. 14, 1 L. ed. 17; Greenawalt v. McEnelley, 85 Pa. 352; Com. v. Murtagh, 1 Ashm. (Pa.) 272; Jackson ex. dem. Garland v. Browner, 18 Johns. 37.

*Moorhead & Head* for appellee.

PER CURIAM:

The sole question of fact in this case was the illegitimacy of Adam Steiger. Undoubtedly the burden of proof was on the appellee. She accepted that position. The evidence to prove it was most ample to justify the finding of the auditor and the decree of the court.

Decree affirmed and appeal dismissed at the costs of the appellants.